**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3728
_____

ERVIN WYMAN,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1-15-cv-05721)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 7, 2017
Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: June 9, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Ervin Wyman appeals from the judgment of the United States District Court for the District of New Jersey in his Social Security case. We will affirm the District Court's judgment.

## I.

In December 2011, Wyman, with the assistance of counsel, applied for Supplemental Security Income ("SSI"), as he suffers from several ailments. An administrative law judge held three hearings between 2013 and 2014. At the last hearing, a vocational expert witness testified. In response to a hypothetical posed by the ALJ, the expert initially noted that an individual with Wyman's limitations would be limited to sedentary, unskilled jobs, but then stated that such an individual could still perform at least two types of unskilled jobs in the light exertional category.

In 2014, the ALJ issued a decision utilizing the five-step sequential analysis set forth in 20 C.F.R. § 404.1520, and found that Wyman had the residual functional capacity ("RFC") for a reduced range of light work with additional limitations, that those additional limitations did not significantly reduce his exertional capacity for such work, and that work existed in significant numbers in the national economy that he could perform. The ALJ determined that Wyman was not disabled, and denied him benefits. The Social Security Appeals Council denied Wyman's appeal, which made the ALJ's decision the final decision of the Commissioner of Social Security.

2

In July 2015, Wyman, with the assistance of counsel, filed an action in the District Court, seeking review of the decision to deny SSI benefits. Wyman argued that the ALJ erred at step five of the analysis, contending that, under the ALJ's RFC finding, he was essentially limited to sedentary work and therefore should have been found disabled under the Medical-Vocational Guidelines. Dkt. # 12 at 8. After full briefing, the District Court affirmed the ALJ's decision, determining that Wyman's limitations did not preclude him from performing at least some unskilled light work, and that the ALJ did not err in finding that Wyman was not disabled because the range of jobs that he could perform was not significantly diminished. Wyman timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Wyman requests that we reverse the District Court's order affirming the ALJ's denial of benefits and remand with instructions to grant benefits and all back money due him, as well as possible punitive damages. Appellant's Br. at 6.

Even generously construed, Wyman's opening brief does not address the only issue that he raised in the District Court, namely, that the ALJ erred at step five of the sequential analysis, that Wyman was essentially limited to sedentary work, and that he should therefore have been found disabled under the Medical-Vocational Guidelines. Accordingly, the issue he raised in the District Court is not before us, and is waived. See Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004); United States v. Menendez, 831

3

F.3d 155, 175 (3d Cir. 2016) (noting that where an issue is not briefed in the argument section, appellant has abandoned it).  Wyman instead argues that the ALJ (and consequently, the District Court) erred at step four by failing to evaluate the full extent of his impairments.  Appellant's Br. at 4.  He also contends that his apparent history with the ALJ means that "the rule of law was broken time and time after time," id. at 1, that he was found disabled in a separate case, id. at 5-6, and that his counsel provided ineffective assistance, id. at 3.  Wyman did not raise these arguments before the District Court, and we will not consider them for the first time on appeal.  See, e.g., Tri-M Group, LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011).

Accordingly, we will affirm the District Court's judgment.[1]

---

[1] Appellee's motion to file a supplemental appendix is granted.